UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHAN PATRICK BENORE,

    Plaintiff,

v.                                                  Case No. 1:23cv213-AW-HTC

THOMAS et al.,

    Defendants,
_____/

## REPORT AND RECOMMENDATION

Plaintiff Nathan Benore, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to an allegedly excessive use of force at the Mayo Correctional Institution. Doc. 6. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders and his failure to prosecute, and as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

I.   **FAILURE TO PAY INITIAL PARTIAL FILING FEE**

On October 11, 2023, this Court granted Plaintiff's motion to proceed *in forma pauperis* with the payment of an initial partial filing fee and ordered him to pay that fee of $15.70 by November 11, 2023, Doc. 8.  On November 3, 2023, the Court granted Plaintiff's motion to extend his time to comply with Doc. 8 for payment of an initial partial filing fee until November 20, 2023, Doc. 14.  Each of the Court's orders advised Plaintiff that his failure to comply with the Orders may result in a recommendation that this case be dismissed.  Despite these warnings, Plaintiff failed to pay the initial partial filing fee.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).  Thus, dismissal is appropriate here because Plaintiff has not paid the initial partial filing fee.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with

the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Although under the Prison Litigation Reform Act a prisoner shall not be prohibited from bringing a civil action simply because he has no assets and no means by which to pay the initial partial filing fee, 28 U.S.C. § 1915(b)(4), that is not why Plaintiff's case is being dismissed. Instead, Plaintiff's case is being dismissed because he has chosen not to comply with the Court's orders and this Court has been more than lenient in the amount of time the Court has given Plaintiff to pay the partial filing fee. Dismissal under these circumstances is appropriate. *See, e.g.*, *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint."). As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable orders." *Brown v. Blackwater River Corr.*

*Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1241 (11th Cir. 2009)).

## II.   FAILURE TO DISCLOSE

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

As an additional and independent basis for dismissal, Plaintiff failed to truthfully disclose his litigation history on the amended complaint form he submitted to the Court.  That form specifically asked him to identify any prior federal cases he filed which challenged Plaintiff's conviction or related to the conditions of confinement.  *See* Doc. 6 at 17.  The form also instructed Plaintiff that failure to "disclose all prior state and federal cases . . . may result in a dismissal of this case," and that Plaintiff should "err on the side of caution."  Plaintiff did not identify any prior litigation.  At the end of the amended complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct."  *Id.* at 20.  Thus, Plaintiff has in effect stated that at the

time he filed the amended complaint, he had not filed any cases in either state or federal court challenging his conviction or relating to his conditions of confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice Plaintiff previously filed the case *Benore v. Hill, et al.*, N.D. Fla. Case No. 3:22cv6064-MRC-HTC, in which Plaintiff alleged failure to protect, and cruel and unusual punishment claims while detained at the Okaloosa Correctional Institution. Plaintiff did not disclose this case even though it bears his name and FDOC number and has similar handwriting as the handwriting on Plaintiff's complaint.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: ***"[F]ailure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified."*** Doc. 6 at 15. Nonetheless, Plaintiff made a false representation in his amended

Case No. 1:23cv213-AW-HTC

complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and

the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders, and as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 1st day of December, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:23cv213-AW-HTC